

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-185-CR**

MICHAEL ALAN CHAFFIN                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Michael Alan Chaffin of failing to comply with sex offender registration requirements and assessed punishment at eight years' confinement and a $5,000 fine. The trial court sentenced him accordingly.

---

[1] *See* TEX. R. APP. P. 47.4.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.[3] We afforded Appellant an opportunity to file a brief on his own behalf; he did not do so.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.[4] Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief. We agree that the appeal is wholly frivolous and without merit. We find nothing in the record

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.

[5] *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52 (1988).

that might arguably support the appeal.[6]  We therefore grant the motion to withdraw filed by Appellant's counsel and affirm the trial court's judgment.

PER CURIAM

PANEL F:   GARDNER, WALKER, AND MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 12, 2008

---

[6] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).